UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chaim Schwartz,<br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>-v.-<br>Synergetic Communication, Inc.,<br>Palisades Acquisition XVI, LLC,<br>Defendants. | Case No.: 7:22-cv-7412<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chaim Schwartz ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendants Synergetic Communication, Inc. ("Synergetic") and Palisades Acquisition XVI, LLC, ("Palisades") (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was due to the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Synergetic is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a (6) and used in the FDCPA.

9. Synergetic has an address for service of process located at Synergetic Communication, Inc., 5450 NW Central, Suite 220, Houston, Texas 77092.

10. Upon information and belief, Defendant Synergetic is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant Palisades is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a (6) and used in the FDCPA.

12. Palisades has an address for service of process located at The LLC, 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

13. Upon information and belief, Defendant Palisades is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom the Defendant Synergetic sent a collection letter(s);

    c. on behalf of the Defendant Palisades;

    d. attempting to collect a consumer debt;

    e. wherein the letter(s) states that even if the recipient pays the total listed account balance, an adjustment may be necessary after payment;

    f. when in reality the balance is not increasing:

    g. which letter(s) was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16.     The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

19.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

20.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impracticable.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above allegations as if set forth here.

24. Prior to December 15, 2021, obligation(s) were allegedly incurred by the Plaintiff to non-party Household Bank.

25. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically for personal credit.

26. Household Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27. Upon information and belief, through one or more transactions, Defendant Palisades became the owner of the right to collect the alleged debt.

28. Defendant Palisades collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

29. Upon information and belief, Palisades contracted with the Defendant Synergetic to collect the alleged debt.

30. Defendant Synergetic collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violations – Collection Letters*

31.   Defendants sent the Plaintiff collection letters on or about December 15, 2021 ("First Letter"), and January 19, 2022 ("Second Letter") (collectively, "Letters"), regarding the alleged debt originally owed to Household Bank.  See Letters attached as Exhibit A.

32.   The First Letter states

|  |  |
|---|---|
| Balance Due: | $7,637.20 |
| Discounted Payment Offer: | $5,422.41 |

33.   The Second Letter states

|  |  |
|---|---|
| Balance Due: | $7,637.20 |
| Discounted Payment Offer: | $5,498.78 |

34.   The Letters further state, "As of the date of this letter, you owe $7,637.20. Because of interest that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection."

35.   Upon information and belief, the amount due is not going up.

36.   Alternatively, even if that amount would actually increase, Defendants did not intend to collect the increase.

37.   Stating, or implying, that the amount will increase is false and/or deceptive.

38.   Plaintiff was not aware that interest was going to be charged on this account.

39.   The Letters led the Plaintiff to believe that interest would be charged on the account.

40.   If interest was accruing, Plaintiff perhaps would have rushed to make payment.

41.   But if interest was not accruing, Plaintiff perhaps would not have rushed to make payment.

42. But there was no way for the Plaintiff to determine which of these actions were in his best interest because of the deceptive, unfair, and fraudulent acts by the Defendants.

43. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and cannot properly evaluate the demand for payment or how to address it.

44. Because of this, Plaintiff was unable to pay the debt, and the funds that Plaintiff could have used to pay the debt, were spent elsewhere.

45. Defendants' actions caused the Plaintiff to suspect there was fraud involved with this collection.

46. Plaintiff was misled as to the amount of the debt and how this implicates his alleged responsibilities for making payment thereon.

47. The Letters materially misled the Plaintiff because a consumer with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), will pay the dynamic debt first.

48. Defendants cannot imply or suggest that there may be additional charges when in fact there will not be additional charges.

49. That false advice incentivizes the Plaintiff to pay the debt at a time when, if accurately advised, he would not.

50. Interest is the quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual.

51. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

52. Because of the Defendants' improper acts, Plaintiff expended time, money, and effort in determining the proper course of action.

53. In reliance on the Letters, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

54. Plaintiff's reliance on the Letters, and the resulting inaction/non-payment, caused negative credit information to be (or continue to be) furnished, and ultimately reported to third parties, to the Plaintiff's financial detriment.

55. During this time, Plaintiff suffered emotional harm because of the Defendants' improper acts.

56. Plaintiff suffered from nervous feelings and restless nights because the Letters did not make sense on their face and the debt collection appeared fraudulent.

57. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

58. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, defamation and negligent infliction of emotional distress.

59. Plaintiff is entitled to receive proper collection demands, as required by the FDCPA.

60. Defendants failed to effectively inform the Plaintiff of the relevant information, and in fact attempted to mislead, in violation of the law.

61. These violations by the Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

62. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the

Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

63. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

64. Defendants' actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendants' debt collection.

65. Plaintiff was confused and misled to his detriment by the statements in the Letters, and relied on the contents of the Letters to his detriment.

66. As a result of the Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

67. Plaintiff repeats the above allegations as if set forth here.

68. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

69. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

70. Defendants violated said section, as described above, in violation of §§ 1692e, 1692e (2), 1692e (5), and 1692e (10).

71. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

72. Plaintiff repeats the above allegations as if set forth here.

73. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

74. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

75. Defendants violated this section by unfairly implying that the amount of the debt may increase although it would not increase, or at least, Defendants did not intend to collect the increase.

76. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

77. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chaim Schwartz, individually and on behalf of all others similarly situated, demands judgment from the Defendants Synergetic and Palisades as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)  Awarding pre-judgment interest and post-judgment interest; and

f)  Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: August 30, 2022                              Respectfully submitted,

**Stein Saks, PLLC**

By: s/ Robert Yusko
Robert Yusko, Esq.
One University Plaza, Suite 620
Hackensack, NJ, 07601
P. (201) 282-6500 x121
F. (201) 282-6501
ryusko@steinsakslegal.com
*Attorneys for Plaintiff*